**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ELMORE NICHOLS, Jr.,

    Petitioner,

v.                                          Case No. 18-10885

NOAH NAGY,

    Respondent,
_____/

**OPINION AND ORDER GRANTING MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND TERMINATING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner Elmore Nichols, Jr., incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1.) Petitioner challenges his convictions for first-degree home invasion under Mich. Comp. Laws § 750.110(a)(2) and for receiving and concealing $200 or more but less than $1,000 of stolen property under Mich. Comp. Laws § 750.535(4)(a). (*Id.*, PageID 1.) Pending before the court is Petitioner's Motion to Hold the Petition for Writ of Habeas Corpus in Abeyance (Dkt. #14) while he attempts to properly exhaust several claims contained in his petition and Motion for Appointment of Counsel (Dkt. #16). For the reasons stated below, the court will grant the motion for abeyance and terminate as moot the motion for appointment of counsel.

**I. BACKGROUND**

Petitioner was convicted by a jury in the Wayne County Circuit Court. He filed an appeal of right, raising what is now the first claim contained in his petition. Petitioner's

conviction was affirmed. *People v. Nichols*, No. 316432, 2014 WL 4854440 (Mich. Ct. App. Sept. 30, 2014); *leave to appeal denied*, 865 N.W.2d 11 (Mich. 2015).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, raising what make up the second through ninth claims in his petition. The trial judge denied the motion. *People v. Nichols,* No. 12-007351-01 (Wayne Cty. Cir. Ct. Mar. 29, 2016). The Michigan Court of Appeals denied Petitioner leave to appeal. *People v. Nichols,* No. 333395 (Mich. Ct. App. Nov. 16, 2016). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which was rejected under Michigan Court Rule 7.305(C) because it was filed more than 56 days after the Michigan Court of Appeals issued its decision. (Dkt. #11-19, PageID 1360).

Petitioner filed a motion to reissue judgment with the Michigan Court of Appeals, claiming he did not timely receive a copy of their decision denying his post-conviction appeal on November 16, 2016. (Dkt. #3-1, PageID 220–31.) Petitioner stated he was not informed of the Michigan Court of Appeals' decision until May 22, 2017. (*Id.*, PageID 202–03.) Petitioner asked that the order be reissued so that he could file a timely post-conviction appeal with the Michigan Supreme Court. *Id.* The motion to reissue the order was denied on June 29, 2017. (*Id.*, PageID 232.) The Michigan Court of Appeals denied Petitioner's Motion for Reconsideration. (*Id.*, PageID 243.) Petitioner filed a motion for superintending control with the Michigan Supreme Court, asking it to order the Michigan Court of Appeals to reissue their judgment so that Petitioner could file a timely appeal. (*Id.*, PageID 247–73.)

While the complaint for superintending control was pending, Petitioner filed his petition for writ of habeas corpus, raising nine claims for relief. (Dkt. #1.) Respondent filed a response on October 2, 2018. (Dkt. #10.)

On October 26, 2018, the Michigan Supreme Court granted in part Petitioner's complaint for superintending control and ordered the Court of Appeals "to docket the plaintiff's June 26, 2017 Motion to Reissue Judgment in Docket No. 333395 as a motion, and to issue an order deciding the motion." *Nichols v. Court of Appeals,* 918 N.W.2d 535 (Mich. 2018).

Petitioner then filed a motion to hold his petition for writ of habeas corpus in abeyance while he attempts to properly exhaust his second through ninth claims a second time in the Michigan appellate courts. (Dkt. #14.) Petitioner also filed a motion for appointment of counsel. (Dkt. #16.)

## II. DISCUSSION

Generally, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) "preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that the petitioner has a right to raise in state court, but failed to do so." *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). "[F]ederal district courts must dismiss mixed habeas petitions," i.e., those which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004) (*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). An exception to this rule is if the

petitioner no longer has any available state court remedies to exhaust. *See Hannah*, 49 F.3d at 1195–96.

Here, Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Supreme Court to properly exhaust the claims that he would raise in his post-conviction motion. *See, e.g.*, *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Although the Michigan Supreme Court initially denied Petitioner's application for leave to appeal as being untimely, it later granted Petitioner's complaint for superintending control and ordered the Michigan Court of Appeals to docket and rule on his motion to reissue judgment. Following any decision by the Michigan Court of Appeals on that motion, Petitioner may once again seek to file a timely post-conviction application for leave to appeal with the Michigan Supreme Court to properly exhaust his second through ninth claims. Since Petitioner may have an available state court remedy to properly exhaust his claims, the court cannot grant his habeas petition at this time. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009) ("[A] federal court cannot grant habeas relief if there still is a potential state remedy for the state courts to consider.").

Additionally, a habeas petition should be denied on exhaustion grounds where the petitioner's appeal from the denial of a state post-conviction motion remains pending in the state appellate courts. *See Juliano v. Cardwell*, 432 F.2d 1051, 1051 (6th Cir. 1970). "When an appeal of a state criminal conviction is pending in the state courts, as is the case here, 'a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.'" *Payne v. MacLaren*, 2014 WL 6686774, at *3 (E.D. Mich. Nov. 26, 2014) (quoting *Sherwood v.*

4

*Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983)). "The rationale behind this rule is that even if the federal constitutional question raised by a habeas corpus petitioner cannot be resolved by the state courts in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting any federal question." *Id.* (internal citations omitted).

Therefore, the court will grant Petitioner's request to hold the petition in abeyance while he returns to the state courts to properly exhaust his second through ninth claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this court due to the expiration of the one-year statute of limitations contained in the AEDPA. *See* 28 U.S.C. § 2244(d)(1). The Supreme Court of the United States suggests that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending the resolution of state court post-conviction proceedings, provided there is good cause for the failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." He argues that he did not previously raise these claims in the state courts due to the ineffective assistance of his appellate counsel. *See, e.g.*, *Wagner,* 581 F.3d at 419 n. 4. And it does not appear that Petitioner has engaged in "intentionally dilatory tactics." *Rhines,* 544 U.S. at 278.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, it "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* This ensures that a petitioner does not delay in exhausting his state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). As here Petitioner's claims are already pending in state court, the court need only set a deadline for him to ask this court to lift the stay after attempting to exhaust his state court remedies. Accordingly,

IT IS ORDERED that Petitioner's Motion to Hold the Petition for Writ of Habeas Corpus in Abeyance (Dkt. #14) is GRANTED, and the habeas petition is STAYED.

Petitioner shall file a motion to lift the stay and any amended petition in this court that he may wish to file within sixty days after the conclusion of the state court proceedings. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel (Dkt. #16) is TERMINATED AS MOOT.

IT IS FURTHER ORDERED that, to avoid administrative difficulties, the Clerk of Court is DIRECTED to close this case. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the court shall order the Clerk to reopen this case.

                                                      s/Robert H. Cleland                 /
                                                      ROBERT H. CLELAND
                                                      UNITED STATES DISTRICT JUDGE

Dated: January 24, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2019, by electronic and/or ordinary mail.

                                                              s/Lisa Wagner                 /
                                                              Case Manager and Deputy Clerk
                                                              (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-10885.NICHOLS.HoldAbeyance.docx